UNITED STATES of America,
Plaintiff-Appellee,

v.

Humberto RODRIGUEZ–RAMIREZ,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Camilo AISPURO–LLANES,
Defendant-Appellant.

Nos. 84–1056, 84–1057.

United States Court of Appeals,
Ninth Circuit.

Argued Sept. 10, 1984.

Submitted June 28, 1985.

Decided Nov. 25, 1985.

David F. Levi, Sacramento, Cal., for plaintiff-appellee.

William B. Look, Jr., Candace A. Fry, Sacramento, Cal., for defendants-appellants.

Before WALLACE, ALARCON and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Humberto Rodriguez-Ramirez ("Rodriguez") and Camilo Aispuro-Llanes ("Aispuro") appeal from their convictions under the Comprehensive Drug Abuse Prevention and Control Act of 1970. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Through the intercession of a restaurant proprietress in Stockton, California, Rodriguez was introduced in late September or early October 1983 to Cataliano Nunez, an undercover informant for the Drug Enforcement Administration ("DEA"), who posed as a buyer of drugs. On October 5, 1983, Rodriguez and Nunez met to arrange a drug deal with Edward Casares, a DEA agent posing as Nunez's brother-in-law and as a dealer in large amounts of heroin. Rodriguez left the meeting and later rejoined the other two at the parking lot of an auto supply store, where he provided them with two samples of heroin. Another meeting was arranged for October 7 in order to consummate the heroin deal.

On October 7, and following earlier telephone contacts, Rodriguez met with Aispuro to discuss the acquisition of heroin. Later that afternoon, Rodriguez and Aispuro met outside the former's house, after which Rodriguez telephoned Nunez to announce that the heroin had arrived and to schedule the final transfer at the parking lot. The two defendants then left for the transfer site in separate vehicles, making one stop at which Rodriguez walked to the driver's side of Aispuro's vehicle and obtained from Aispuro a small paper bag containing heroin. Rodriguez then drove into the parking lot, while Aispuro drove around the block and parked outside the perimeter of the lot at a point from which he could observe the meeting of Rodriguez and agent Casares. After Casares inspected Rodriguez's vehicle and discovered the paper bag containing the heroin inside a grocery bag containing an additional small amount of the drug, he gave the arrest signal.

A jury found both defendants guilty of conspiracy to distribute heroin (count I), in violation of 21 U.S.C. § 846, and of possession of heroin with intent to distribute (count II), in violation of 21 U.S.C. § 841(a)(1). Rodriguez was also found guilty on two further counts: using a communication facility in the commission of the felony of possession of heroin with intent to distribute (count III), in violation of 21 U.S.C. § 843(b), and distribution of heroin (count IV), in violation of 21 U.S.C.

§ 841(a)(1). Rodriguez was sentenced to six years on count I, six years on count II with a special parole term of five years, four years on count III, and six years on count IV with a special parole term of five years. Aispuro was sentenced to eight years on count I, and eight years on count II with a special parole term of five years. All sentences were to be served concurrently.

On appeal, Rodriguez contends that: (1) the evidence was insufficient to support his convictions on counts I, II, and III; (2) counts II and IV should be merged for purposes of conviction and sentence; (3) delay of counsel in delivering the defense opening statement deprived him of effective assistance of counsel; (4) count I of the indictment was defective; and (5) hearsay evidence was improperly admitted at trial. Aispuro contends that: (1) the evidence was insufficient to support his convictions; and (2) errors of counsel below deprived him of effective assistance of counsel.

## DISCUSSION

### 1. *Sufficiency of the Evidence to Support the Convictions*

In reviewing for sufficiency of the evidence, we will affirm the convictions if, considering the evidence and all inferences reasonably drawn therefrom in the light most favorable to the government, we conclude that a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *E.g., United States v. Kiriki,* 756 F.2d 1449, 1453 (9th Cir.1985).

Rodriguez argues that his conviction under 21 U.S.C. § 843(b) for unlawful use of a communication facility must be reversed because: (1) he only received telephone calls from informant Nunez, and did not place them himself; and (2) there is no evidence linking any of the relevant phone calls to his home, the address of which appeared in the pertinent indictment count. These contentions do not warrant reversal.

First, section 843(b) is drawn broadly, making it "unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of ... a felony under ... this subchapter." We find that the act of making arrangements on a telephone, regardless of who initiates the call, constitutes the proscribed "use"; any other interpretation would defy common sense. *United States v. Cordero,* 668 F.2d 32, 43 n. 16 (1st Cir.1981); *see also United States v. Jones,* 612 F.2d 453, 457 (9th Cir.1979) (instructing another person to use telephone for proscribed purpose, even though defendant did not use the telephone personally, held to constitute "use"), *cert. denied,* 445 U.S. 966, 100 S.Ct. 1656, 64 L.Ed.2d 242 (1980). Moreover, there is evidence that Rodriguez in fact initiated one phone call to Nunez and also telephoned Aispuro in order to make their arrangements.

With respect to Rodriguez's second subargument, there is in the record substantial evidence indicating that the telephone used unlawfully by Rodriguez was his home telephone. His contention is thus without merit.

The jury verdicts with respect to the conspiracy and possession charges also find ample support in the record, such that a rational juror could find the elements of the crimes to have been established beyond a reasonable doubt.

### 2. *Multiplicity of the Distribution and Possession Counts*

Rodriguez contends that his convictions on counts IV (distribution of the heroin sample on October 5) and II (possession with intent to distribute the bulk of the heroin on October 7) should be merged for purposes of conviction and punishment because they refer to two events within one "continuous course of conduct."

Because the distribution of the sample and the possession of the remainder did not occur "at the same time, in the same place, and with the involvement of the

same participants," however, separate convictions and punishments for these two violations are appropriate. *United States v. Palafox,* 764 F.2d 558, 563 (9th Cir.1985) (en banc).

### 3. *Effective Assistance of Counsel*

■ To sustain his claim of ineffective assistance of counsel where specific deficiencies are alleged, each appellant must affirmatively establish both that the identified acts and omissions placed counsel outside of the wide range of reasonable professional competence, and that the deficient performance was so prejudicial as to deprive him of a fair trial whose result is reliable. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064–66, 80 L.Ed.2d 674 (1984). With regard to the showing of incompetence, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.,* 104 S.Ct. at 2065–66. With regard to the showing of prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. On review, we need not address these two elements in any particular order, nor need we consider both if the showing on either one is insufficient. *Id.* at 2069–70.

None of the contentions with regard to ineffective assistance of counsel in the present case is supported by the requisite showing of both incompetence and prejudice.

#### A. *Rodriguez*

■ Rodriguez insists that he was denied effective assistance of counsel when his attorney delayed the presentation of the opening statement until the close of the government's case in chief. We disagree. The timing of an opening statement, and even the decision whether to make one at all, is ordinarily a mere matter of trial tactics and in such cases will not constitute the incompetence basis for a claim of ineffective assistance of counsel. *See United States v. Murray,* 751 F.2d 1528, 1535 (9th Cir.1985); *see generally United States v. Salovitz,* 701 F.2d 17 (2d Cir.1983) (explains place of the opening statement in modern trial practice).

#### B. *Aispuro*

■ The decision of Aispuro's counsel not to move, during trial, for exclusion of certain hearsay evidence concerning Aispuro's role in the drug dealings, was eminently reasonable in light of the fact that counsel had earlier unsuccessfully opposed the government's motion to admit this evidence.

■ Nor has Aispuro made any significant showing that his counsel's failure to file a pretrial motion for severance of his trial from that of Rodriguez constituted ineffective assistance. Aispuro makes no persuasive argument that he suffered prejudice as a result of the unsevered trial, nor does he provide any account of how such a motion could have been granted in the face of the stringent legal standards for severance. *See Gustave v. United States,* 627 F.2d 901, 904–05 (9th Cir.1980).

■ Finally, Aispuro's assertion that counsel was ineffective in failing to cross-examine government witnesses (regarding the other persons seen outside Rodriguez's home on the day of the drug transaction, the specific sizes of the paper bags containing heroin, and Rodriguez's testimony concerning the contents of the bag he received from Aispuro) is thoroughly groundless. Besides falling within the range of appropriate trial strategy, *see Murray,* 751 F.2d at 1535, these omissions were reasonable in light of the fact that the latter two issues were resolved quite clearly at trial, and by the possibility that evidence regarding the other unidentified persons in front of Rodriguez's house might have tended to indicate the existence of a broader conspiracy and thereby might have been actually detrimental to Aispuro's interests.

### 4. *Sufficiency of the Indictment*

Count I of the indictment charged the defendants with a conspiracy "beginning at

a time unknown to the Grand Jury, and continuing to and including October 7, 1983." Rodriguez now contends on appeal, for the first time, that the indefiniteness as to time renders the indictment invalid and requires reversal of his conviction. Rodriguez's attack upon the indictment is untimely, and does not warrant relief.

■ Apart from specific exceptions not relevant here, an objection to the sufficiency of an indictment must be raised prior to trial. Fed.R.Crim.P. 12(b)(2). Failure to do so constitutes waiver of the objection, absent a showing of "cause". Fed.R.Crim.P. 12(f); *Polizzi v. United States*, 550 F.2d 1133, 1138 (9th Cir.1976). Here, we find no reason for granting relief from the waiver. The alleged defects are ultimately of minor consequence and not prejudicial to Rodriguez, and he offers no explanation at all for the tardy raising of this objection.

■ Moreover, the indictment itself withstands scrutiny. Despite Rodriguez's technical objections, the indictment as written provided sufficient notice to defendants of the nature of the charges, and so served the essential functions of a criminal indictment. *See United States v. Pheaster*, 544 F.2d 353, 360, 363 (9th Cir.1976), *cert. denied sub nom. Inciso v. United States*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). Indictments which are tardily challenged are liberally construed in favor of validity. *Id.* at 361–62.

5. *Admission of Hearsay Evidence*

■ We will not disturb a district court's ruling on the admission of evidence absent an abuse of discretion or "manifest error." *E.g., United States v. Solomon*, 753 F.2d 1522, 1524 (9th Cir.1985). We find nothing objectionable in the district court's evidentiary rulings in this case.

## CONCLUSION

Because appellants' objections lack merit, the judgment of the district court is

AFFIRMED.