972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammad Reza MEHRMANESH, Petitioner-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15878.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1992.*
Decided July 22, 1992.
 
 1
 Before WALLACE, Chief Judge, POOLE, Circuit Judge, and MARSH, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Mohammad Reza Mehrmanesh appeals, pro se, the denial of his motion for habeas corpus relief filed pursuant to 28 U.S.C. § 2255. Appellant contends that there was insufficient evidence to sustain his conviction for delivery of a controlled substance and that he should not have received separate punishments on the two counts for delivery of a heroin sample and the later delivery of a larger quantity of heroin.
 
 
 4
 These arguments have previously been raised by Mehrmanesh in a direct appeal of his conviction and sentence. United States v. Mehrmanesh, 682 F.2d 1303 (9th Cir.1982). We found that there was sufficient evidence to find that appellant had knowledge of the criminal plan to find him guilty of the first count of distribution as an aider and abettor. Id., at 1308-1309. In addition, we held that there were clearly two deliveries of heroin and thus, he was properly charged and sentenced for two separate counts of distribution. Id., at 1305-1307.
 
 
 5
 When an issue is raised on direct appeal, that issue may not be raised in a motion to vacate a sentence pursuant to 28 U.S.C. § 2255 unless there has been an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 6
 Appellant contends that our decision in United States v. Palafox, 764 F.2d 558 (9th Cir.1985) reconsidered the sufficiency of the evidence with respect to Mehrmanesh's knowledge of the distribution of the drug sample and changed the law governing when separate counts of conviction may lie for multiple drug transactions. Both of these contentions are without merit.
 
 
 7
 As to his first argument, appellant correctly notes that the majority in Palafox stated that the first delivery of the sample of heroin in Mehrmanesh was "unbeknownst" to Mehrmanesh. However, as the dissent in Palafox points out, that assertion is contrary to the holding of the Mehrmanesh majority which found that the defendant "fully understood that a sample would be delivered." Palafox, 764 F.2d at 569 (Poole dissenting), citing Mehrmanesh, 682 F.2d at 1307-08.
 
 
 8
 As to his second argument that Palafox changed the law with respect to his sentences for two separate counts of distribution, in Palafox, we held that where a defendant distributes a drug sample and retains the remainder for the purpose of making an immediate distribution to the same people, at the same time and in the same location, the defendant may be charged separately and separate guilty verdicts may be returned, but the defendant may only be punished on one count.
 
 
 9
 We distinguished the facts in Palafox from other instances which might merit separate punishments such as where drug transactions occur on separate dates, sales are made from a single package to different individuals or when sales occur in different locations. Id., at 563. We also specifically contrasted the facts in Palafox to the facts in Mehrmanesh. Id., at 559. We rejected the holding in Mehrmanesh only "insofar as Mehrmanesh held that one involved in an ultimate distribution is always separately punishable for a preceding sample distribution." Palafox, 764 F.2d at 563. Our subsequent decisions have also reflected this narrow interpretation of Palafox. See e.g. United States v. Fernandez-Angulo, 863 F.2d 1449, 1455 (9th Cir.1988) (holding that dual punishment may be imposed whenever possession charge arises from any action other than passive momentary retention of drugs following distribution of sample), aff'd in part, vacated in part, 897 F.2d 1514 (9th Cir.1990) (en banc); and United States v. Rodriguez-Ramirez, 777 F.2d 454, 457-8 (9th Cir.1985) (upholding separate concurrent sentences for distribution of sample and possession with intent to distribute remainder where acts occurred two days apart).
 
 
 10
 In contrast to the facts in Palafox, the distribution of the drug sample in Mehrmanesh was to a different person, in a different location and approximately two hours before the attempted distribution of the remaining heroin. Mehrmanesh, 682 F.2d at 1304-1305; see also Palafox, 764 F.2d at 559. Thus, although Palafox clarified and expanded upon the reasoning underlying our decision in Mehrmanesh, application of the principles in Palafox would not have altered the result in Mehrmanesh.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3