999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reynard CAMPBELL, Defendant-Appellant,
 No. 91-10546.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1993.
Decided July 12, 1993.
 
 Before FLETCHER, REINHARDT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reynard Campbell appeals his conviction for making a false statement to the Internal Revenue Service in violation of 18 U.S.C. § 1001 (1988). Campbell argues that his conviction should be overturned because (1) the superceding indictment did not properly charge a § 1001 violation; (2) the district judge's jury instructions on the § 1001 count were impermissibly confusing; (3) the judge erred in summarizing testimony on the IRS's decision to audit one of his clients; (4) his sister's testimony was impermissibly limited; and (5) the evidence was insufficient to sustain his § 1001 conviction. We have jurisdiction over Campbell's timely appeal pursuant to 28 U.S.C. § 1291 (1988), and we affirm.
 
 I. Factual Background
 
 3
 The criminal charges involved in this appeal arose from information submitted by Campbell, a certified public accountant, to IRS tax auditor Carol Ann Quigley incident to an audit of one of Campbell's clients. The client Johnson's 1983 federal tax return, prepared by Campbell, claimed three dependents.
 
 
 4
 To substantiate the claim, Campbell furnished Quigley with a schedule entitled "Exemptions for Other Dependents Computation of Total Cost for Support." According to Quigley, Campbell told her that the schedule "was a computation of the cost of support for the exemptions for the dependents." RT 1/24/91, at 5-106. Quigley testified that one of the ways of determining whether a taxpayer is entitled to the number of exemptions claimed is to ascertain if the taxpayer "provide[d] more than 50 percent of the support for the dependents." Id. The schedule prepared and submitted by Campbell listed some $11,602 in purported support provided by Johnson for three dependents, along with the notation that "[n]o other support was provided from any other source." SER at 23.
 
 
 5
 After discussing the schedule with Campbell, Quigley asked him to mail her additional information (including receipts, birth certificates, and school records) relating to the claimed support. Six weeks later, having received no additional information from Campbell, Quigley referred the Johnson audit to the IRS's criminal investigation division.
 
 
 6
 The Johnson audit was one of several IRS investigations involving Campbell. A superseding indictment, returned after an initial inconclusive trial,[1] charged ten counts of false tax return preparation in violation of 26 U.S.C. § 7206(2) (1988), and one count (Count Eleven, involving the Johnson schedule) of making a false statement in violation of 18 U.S.C. § 1001. In the second trial, the district judge dismissed three of the § 7206(2) counts at the close of the government's case. The jury was unable to reach a verdict on the remaining § 7206(2) charges, but found Campbell guilty on Count Eleven.
 
 
 7
 The trial court imposed a sentence of three years probation and 200 hours of community service on October 18, 1991.
 
 II. Analysis
 
 8
 A. Sufficiency of Count Eleven.
 
 
 9
 Campbell argues that Count Eleven of the superseding indictment was insufficient because it did not properly charge a violation of 18 U.S.C. § 1001. The sufficiency of an indictment is reviewed de novo. United States v. Dischner, 974 F.2d 1502, 1516 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3582 (U.S. Feb. 22, 1993) (Nos. 92-6409, 92-6802).
 
 Section 1001 provides that
 
 10
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or documents knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 
 
 11
 Count Eleven of the superseding indictment charged Campbell with violating 18 U.S.C. § 1001, alleging that
 
 
 12
 [o]n or about December 28, 1984, in the City of Oakland, State and Northern District of California,
 
 
 13
 REYNARD CAMPBELL,
 
 
 14
 defendant herein, did knowingly and willfully make false, fictitious and fraudulent statements and representations of a material fact in a matter within the jurisdiction of the Internal Revenue Service, an agency of the United States, to wit, the presentation of a schedule of payments by Cynthia J. Johnson, in support of exemptions to Tax Auditor Carol Ann Quigley, whereas, he then and there well knew that Cynthia J. Johnson had not made any such payments.
 
 
 15
 Campbell's contention is two-fold: Count Eleven did not (1) adequately apprise him of the charges against which he had to defend himself, or (2) state the charges against him "with sufficient clarity to bar subsequent prosecution for the same offense."[2]
 
 
 16
 An indictment "must be 'read as a whole' and construed according to common sense." Dischner, 974 F.2d at 1518 (quoting United States v. Buckley, 689 F.2d 893, 899 (9th Cir.1982), cert. denied, 460 U.S. 1086 (1983)). It is sufficient if it "tracks the words of the statute charging the offense ... [and its] words unambiguously set forth all elements necessary to constitute the offense.' " United States v. Fitzgerald, 882 F.2d 397, 399 (9th Cir.1989) (quoting United States v. Givens, 767 F.2d 574, 584 (9th Cir.), cert. denied, 474 U.S. 953 (1985)).
 
 
 17
 Campbell's adequacy argument fails because § 1001, despite the fact that it "enumerat[es] several different types of fraudulent conduct ..., did not create separate and distinct offenses." United States v. UCO Oil Co., 546 F.2d 833, 838 (9th Cir.1976), cert. denied, 430 U.S. 966 (1977). In UCO Oil, defendants argued that each of the § 1001 counts in the indictment filed against them charged both the making of false writings and the falsification and concealment of material facts. Id. at 835. This court rejected a duplicity argument, reasoning that because § 1001 "defines but a single offense, it [is] proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment." Id. at 838.
 
 
 18
 Campbell's insufficiency argument similarly fails. Count Eleven tracks the language of § 1001 and contains the necessary elements of the crime charged. See United States v. Boone, 951 F.2d 1526, 1542 (9th Cir.1991). It is also stated clearly enough to bar any subsequent prosecution for the same offense. UCO Oil, 546 F.2d at 838 ("Proof of any one of the allegations will sustain a conviction, but a judgment of guilty will bar any further prosecution with respect to any of the prohibited means embraced within the count.") (citation omitted). That "the indictment might have been more precisely drawn ... would not necessarily lead to the conclusion that reversible error has been committed." United States v. Guthartz, 573 F.2d 225, 227 (5th Cir.), cert. denied, 439 U.S. 564 (1978). Measuring the sufficiency of the superseding indictment here "by practical, not technical, considerations," id., we reject Campbell's insufficiency argument.
 
 
 19
 B. Jury Instruction on Count Eleven.
 
 
 20
 Campbell claims that the district court did not accurately define the offense charged in Count Eleven. His argument, essentially, is that the court instructed the jury on the making of a false statement, but not on the use of a false writing. Because both types of fraudulent conduct were alleged in Count Eleven, Campbell contends that the failure to define the false writing aspect served to confuse and mislead the jury.
 
 
 21
 Campbell did not object at trial to the instructions on Count Eleven. We review them only for plain error. Boone, 951 F.2d at 1541. " '[P]lain error is a highly prejudicial error affecting substantial rights.' " United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991) (quoting United States v. Giese, 597 F.2d 1170, 1199 (9th Cir.), cert. denied, 444 U.S. 979 (1979)), cert. denied, 112 S.Ct. 1598 (1992). The review for plain error is utilized to "prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process." Id.
 
 
 22
 The district court instructed the jury that
 
 
 23
 [t]he charge in Count 11 alleges a violation of section 1001 of title 18. I will paraphrase that for you: whoever in any manner within the jurisdiction of the Internal Revenue Service knowingly and wilfully makes any false, fictitious or fraudulent statements or representations of a material fact to the IRS is guilty of a crime.
 
 
 24
 ....
 
 
 25
 A statement or representation is false or fictitious if it was untrue when made, and then known to be untrue by the person making it or causing it to be made.
 
 
 26
 A statement or representation is fraudulent if known to be untrue and made or caused to be made with the intent to deceive the government agency to which it was submitted.
 
 
 27
 RT 2/5/91, at 5-143 to 5-144.
 
 
 28
 In describing the first of six elements that the government had to prove beyond a reasonable doubt, the trial judge instructed the jurors that Campbell must be shown to have "made a statement or representation to the IRS. In this case, I believe, it's a writing which contained statements or representations." Id. at 5-143. The government, echoing this refrain, argues that when Campbell presented the schedule to Quigley, he made a false statement because the schedule contained false information.
 
 
 29
 We find no plain error in the instructions given regarding Count Eleven. To the extent that the district court's instructions would have been more complete had they included a definition of false writings, any error of omission was harmless. A jury instruction error "is harmless if no rational juror could have found the defendant[ ] guilty under the erroneous instruction and not also found [him] guilty under the correct instruction." United States v. Smith, 891 F.2d 703, 709 (9th Cir.1989), modified, 906 F.2d 385 (9th Cir.), cert. denied, 498 U.S. 811 (1990).
 
 
 30
 Campbell's technical argument presumes that the jury was confused by the absence of an instruction on false writing. However, the judge's explanation that the written schedule was a statement for purposes of § 1001 eliminated any possibility of confusion on this issue. The difference between a "false writing ... contain[ing] any false, fictitious or fraudulent statement" and a "false, fictitious or fraudulent statement" is of no consequence.
 
 
 31
 C. Jury Instruction on Circumstances of the Audit.
 
 
 32
 The district court, in making a transition from its instructions on the false preparation counts to its instructions on Count Eleven, informed the jury that "[t]he final charge in the indictment is in Count 11. Count 11 pertains to information which was provided to the IRS after the IRS saw or suspected some problems in Cynthia Johnson's tax return and asked for supplemental information." RT 2/5/91, at 5-142 to 5-143 (emphasis added).
 
 
 33
 Campbell contends that the Johnson audit was not necessarily generated by something seen or suspected by the IRS, and indeed that Johnson's 1983 return may have been randomly selected for an audit. It was error, he argues, for the trial judge to mislead and confuse the jury with an instruction which was contrary to the evidence as presented in the case. At trial, Campbell's attorney suggested that the judge's characterization of the timing of events "puts a [spin] on it that is not in accordance with the evidence." RT 2/5/91, at 5-146. The district court declined to reinstruct. Id. at 5-147.
 
 
 34
 We will reverse on the basis of the trial judge's choice of language in the instructions only for abuse of discretion. United States v. Madrid, 842 F.2d 1090, 1093 (9th Cir.), cert. denied, 488 U.S. 912 (1988). As long as the instructions " 'fairly and adequately cover the issues presented,' " we accord the trial judge " 'substantial latitude.' " United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992) (quoting United States v. Soulard, 730 F.2d 1292, 1303 (9th Cir.1984)).
 
 
 35
 The trial judge's comment had nothing to do with how Johnson's return had been selected for audit. The information was requested after it had been selected for audit. Perhaps the judge might have made his comment more felicitous by stating that the information was requested "to verify" items on the return, but the judge more likely than not was accurate in characterizing the reason as the IRS's seeing or suspecting a problem. Nothing about the remark prejudiced the defendant. The trial judge's shorthand reference to the evidence[3] was not an abuse of discretion.
 
 
 36
 D. Exclusion of Evidence.
 
 
 37
 Campbell argues that the district court prejudiced his defense by excluding key portions of the testimony of Corlis Marie Douglas. Douglas, Campbell's sister, would have "offer[ed] relevant testimony to explain why the government witnesses were lying." Blue Brief at 18. Questions of admissibility that turn on relevance are reviewed for abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 n. 9 (9th Cir.1991).
 
 
 38
 Douglas was permitted to testify that Campbell had prepared her tax returns, but not about any alleged IRS coercion. Campbell apparently wanted to show " '[a] pattern of conduct, which is coercion by the government to get these witnesses to tow [sic] to the government line here.' " RT 1/28/91, at 987. Because Campbell failed to connect Douglas' experience with the allegations against him concerning Johnson, the court sustained the government's relevancy objection. Campbell was afforded extensive opportunity to present his theory of the witnesses' bias, coercion and credibility to the jury. He cross-examined Johnson and other taxpayer witnesses, and argued the point during his closing argument. Limiting Douglas' testimony was not an abuse of discretion.
 
 
 39
 E. Sufficiency of the Evidence as to Count Eleven.
 
 
 40
 Campbell admits that, at trial, "Johnson denied providing Campbell with the false information contained in the [schedule] presented to Quigley," but insists that his conviction should be overturned because "a reasonable jury finding would have been that the information was provided by Johnson and that Campbell did not know it was false." Blue Brief at 20-21. He also argues that the government did not show materiality because "it did not prove beyond a reasonable doubt that the [schedule] had the propensity or capacity to influence Quigley's actions." Id. at 26-27.
 
 
 41
 A conviction is supported by sufficient evidence if, " 'after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We assign "all reasonable inferences that might be drawn from the evidence" to the government. United States v. Johnson, 804 F.2d 1078, 1083 (9th Cir.1986).
 
 
 42
 The government correctly notes that Campbell's argument that his conduct was not proven to be knowledgeable and willful is nothing more than an attack on Johnson's credibility. Credibility determinations are ill-suited for appellate review. It is the jury's "exclusive province ... to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." United States v. Boise, 916 F.2d 497, 499 (9th Cir.1990), cert. denied, 111 S.Ct. 2057 (1991). On appeal, this court " 'assum[es] that the jury resolved all such matters in a manner which supports the verdict.' " United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir.1990) (quoting United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987)). Here, the jury's guilty verdict as to Count Eleven indicates that it found Johnson to be a credible witness.
 
 
 43
 As for the claim that the schedule was not material, it is not necessary that a statement actually influence an agency. United States v. Facchini, 874 F.2d 638, 643 (9th Cir.1989) (en banc). A statement is " 'material if it has the propensity to influence agency action.' " Id. (quoting United States v. Vaughn, 797 F.2d 1485, 1490 (9th Cir.1986)). A statement must have "some non-trivial effect," which we measure by "consider[ing] whether a statement could, under some set of circumstances, significantly affect an action by a federal department or agency." Id. It is sufficient that, if believed, the schedule could have caused the IRS to accept Johnson's dependent exemptions even though she was not entitled to them. In other words, "under some set of circumstances," id., the IRS's audit function could have been "significantly impaired or perverted by Campbell's deception." United States v. Fern, 696 F.2d 1269, 1273 (11th Cir.1983). This is enough to satisfy § 1001's materiality requirement.
 
 
 44
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The original indictment, filed March 17, 1989, charged 13 counts of false tax return preparation in violation of 26 U.S.C. § 7206(2) (1988), and three counts of 18 U.S.C. § 1001 (1988) false statements. CR 1. A jury reached a verdict of not guilty as to two of the § 7206(2) charges, and one of the § 1001 charges. CR 35. The district court dismissed another of the § 1001 counts, CR 34, and declared a mistrial as to all the remaining counts
 
 
 [2]
 Campbell admits that he did not raise his insufficiency argument until the government had rested its case in chief in the second trial. The government correctly points out that Federal Rule of Criminal Procedure 12(b)(2) requires that any motion directed to the sufficiency of an indictment or information be brought prior to trial, not during trial. See United States v. Gordon, 844 F.2d 1397, 1400 (9th Cir.1988). The failure to make such a motion before trial constitutes a waiver of the argument, unless "cause" is shown. Fed.R.Crim.P. 12(f); see also Gordon, 844 F.2d at 1400 (suggesting Rule 12(f) test is waiver unless "good cause" is shown)
 Counsel's statement to the district judge at trial that he did not recognize a possible indictment insufficiency argument until researching jury instructions is "cause" such that Campbell's argument now should not be deemed waived. The case law generally fails to find cause when no excuse or justification--as contrasted to a weak excuse or justification--is offered. See, e.g., United States v. Rodriguez-Ramirez, 777 F.2d 454, 459 (9th Cir.1985) (defendant "offers no explanation at all for the tardy raising of this objection"); United States v. Mastelotto, 717 F.2d 1238, 1246 n. 7 (9th Cir.1983) ("defendants have not stated either at trial or on appeal any 'cause' for not objecting prior to trial").
 In an analogous situation, see Fed.R.Crim.P. 12(b)(3) (requiring that motions to suppress evidence be made pretrial), the Fifth Circuit has held that the "inadvertence" of defense counsel in filing a tardy motion to suppress should not be construed to penalize defendant, and thus constitutes cause under Rule 12(f). United States v. Hall, 565 F.2d 917, 920 (5th Cir.1978). The arguable inadvertence of Campbell's counsel constitutes cause here.
 Moreover, the district judge did not refuse to hear Campbell's argument. Indeed, after taking the motion under submission, the trial judge denied it "as a matter of law." That ruling on the merits of the indictment insufficiency claim is an implicit conclusion that "there is adequate cause to grant relief from a waiver of the right" to present defective indictment arguments. See United States v. Vasquez, 858 F.2d 1387, 1389 (9th Cir.1988) (untimely suppression motion), certs. denied, 488 U.S. 1034, 489 U.S. 1029 (1989). Accordingly, we find that Campbell has not waived this issue.
 
 
 [3]
 Responding to Campbell's counsel, the district court pointed out that "[a]ll [he] was really trying to do was focus the jury's attention away from the filing of the tax returns to the question of what was done after the tax returns were filed." RT 2/5/91, at 5-147