17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Anthony GLASS, Petitioner-Appellant,
v.
James H. GOMEZ, Director; Charles D. Marshall, Warden;
Attorney General of California, Respondents-Appellees.
 No. 92-56438.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Anthony Glass, a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. Glass contends that he received ineffective assistance of counsel at his trial for first-degree murder, robbery, and possession of a shotgun. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). We exercise a strong presumption that counsel's conduct falls "within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990); see Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance"). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, absent the errors of counsel, the jury would have had a reasonable doubt regarding his guilt. Strickland, 466 U.S. at 695.
 
 
 4
 Glass contends that his attorney rendered ineffective assistance by failing to make an opening or closing argument, and by failing to call witnesses who would have supported Glass's alibi defense. The primary witness for the prosecution was Timothy Ayers, who testified that he and Glass offered a ride to the victim, intending to rob him. Ayers testified that he and Glass took the victim into a field, took his wallet and pants, and that Glass shot the victim while Ayers was walking back to the car. Two other witnesses testified that they were in the car when Ayers and Glass picked up the victim. These witnesses, as well as a third witness, testified that Glass later confessed that he killed the victim.
 
 
 5
 Counsel's decision not to make an opening statement is a strategic choice that does not constitute ineffective assistance. See United States v. Rodriguez-Ramirez, 777 F.2d 454, 458 (9th Cir.1985); United States v. Moore, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985). Similarly, counsel's decision not to make a closing argument does not constitute ineffective assistance in these circumstances. Counsel had presented the defense theory, through his cross-examination of Ayers and the testimony of Glass, that Ayers actually shot the victim. Counsel's decision not to highlight Glass's testimony by making a closing argument was reasonable, in light of the inconsistencies in Glass's testimony. See Strickland, 466 U.S. at 690; Hughes, 898 F.2d at 702.
 
 
 6
 Glass contends that counsel failed to investigate possible witnesses to corroborate his alibi defense. Glass testified that Ayers dropped him off at a friend's house to buy drugs, then drove off with the victim. Glass further testified that when Ayers returned, the victim was no longer in the car, and that he never saw the victim again. However, Glass refused to give the name of his friend, even when ordered to do so by the court.
 
 
 7
 Counsel made this statement to the court regarding the alibi defense:
 
 
 8
 Mr. Glass has sought ... to have me present an alibi defense using one Richard Grant, whom I understand has been convicted of murder in this Court.... It's my feeling that the alibi defense is wholly and totally inconsistent with the bulk of the evidence in this case, and it is for that reason that I have elected, in my judgment, not to present such a defense over the objection of Mr. Glass.
 
 
 9
 We cannot say that counsel's decision not to pursue an alibi defense constitutes ineffective assistance. Counsel conducted vigorous cross-examination of the primary prosecution witnesses, and clearly sought to establish that it was in fact Ayers who killed the victim. Because counsel did put forth a strong defense, we cannot say that his strategic decision not to present an alibi defense relying primarily on the testimony of a convicted murderer was outside the wide range of reasonable assistance. See Strickland, 466 U.S. at 690; Hughes, 898 F.2d at 702. Furthermore, in light of the evidence presented at trial, including Ayers's testimony that Glass shot the victim and the testimony of three witnesses that Glass admitted killing the victim, Glass has not shown a reasonable probability that, but for counsel's failure to present an alibi defense, he would not have been convicted. See Strickland, 466 U.S. at 695.[1] Accordingly, the district court properly denied Glass's habeas petition.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Glass also contends that counsel failed to contact prison witnesses who would have testified that Ayers admitted killing the victim. However, even if this failure constituted deficient performance, Glass cannot show resulting prejudice. At trial, Ayers admitted writing a letter, which was admitted into evidence, stating that he had killed the victim. In light of this evidence, counsel's failure to present additional testimony of such a confession was not prejudicial. See Strickland, 466 U.S. at 695; United States v. Schaflander, 743 F.2d 714, 718 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985). (counsel's failure to present cumulative evidence is not prejudicial)