21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacobo GRAIBE, Defendant-Appellant.
 No. 92-50204.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided March 28, 1994.
 
 1
 Before: PREGERSON, O'SCANNLAIN and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Jacobo Graibe appeals his jury conviction, following this court's remand in United States v. Graibe, 946 F.2d 1428 (9th Cir.1991), for conspiracy to distribute cocaine and distribution of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He argues that the district court erred in precluding him from introducing at trial evidence of the government's outrageous conduct, and that he was denied effective assistance of counsel because his trial counsel failed to call a government informant as a witness at trial in order to introduce evidence of outrageous government conduct. We affirm.
 
 
 4
 In January, 1990, Graibe negotiated a sale of cocaine with a confidential informant, David Kawaguchi, and supplied 15 kilograms of cocaine which was delivered by Graibe's associate, Lazaro Garcia, to a purported drug-dealing associate of Kawaguchi (in reality, an undercover policeman). Graibe pled guilty and was sentenced, but his conviction was overturned by this court and remanded to the district court. On remand, Graibe filed a pretrial motion in which he requested a hearing, patterned after that in United States v. Marshank, 777 F.Supp. 1507 (N.D.Cal.1991). He asked the court to determine that his former attorney had imparted information gleaned from him during the attorney-client relationship to Kawagushi, who, in turn, had imparted it to the government. He asserted what might have amounted to outrageous government conduct, had it been true. The district court held an evidentiary hearing on the motion and denied Graibe's motion.
 
 
 5
 Thereafter, but before trial began, the district court ordered that Graibe's claim of outrageous government conduct, which was based on the evidence that the court had already heard, could not be placed before the jury. Simply put, it did not subtend a defense; it was irrelevant.
 
 A. Outrageous Government Conduct
 
 6
 Governmental conduct violates due process only if it is "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir.1991) (quotations and citation omitted), cert. denied, --- U.S. ----, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992). "Due process is not violated unless the conduct is attributable to and directed by the government." Id. Whether government conduct rises to a level of outrageousness which deprives a defendant of due process is a question of law for the trial court to decide, not a question of fact for the jury to determine. United States v. Sotelo-Murillo, 887 F.2d 176, 182 (9th Cir.1989); United States v. McQuinn, 612 F.2d 1193, 1196 (9th Cir.), cert. denied, 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980). "Although outrageous government conduct is sometimes referred to as a 'defense,' it is not an affirmative defense such as entrapment. This 'defense' is really an argument that due process principles bar the government from using the courts to obtain a conviction.... It is not an issue for the jury...." Sotelo-Murillo, 887 F.2d at 182 (citations omitted). Thus, the district court properly considered Graibe's claim of outrageous government conduct before trial, and kept it from the jury. See McQuinn, 612 F.2d at 1196.
 
 B. Ineffective Assistance of Counsel
 
 7
 "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel ... is by collateral attack on the conviction ... and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989) (internal quotation omitted), cert. denied, 489 U.S. 819, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990). However, where, as here, "the [trial] record [itself] is sufficiently complete to allow [this court] to decide the issue", we will consider ineffective assistance claims on direct appeal. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (internal quotations omitted).
 
 
 8
 Defense counsel may be found ineffective only where the record establishes that his performance fell below standards of professional competence and that his incompetence prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." Id. at 692, 104 S.Ct. at 2067. Graibe's attorney did not perform ineffectively by failing to present testimony at trial in support of the defense of outrageous government conduct. That defense is the province of the court, not the jury. Furthermore, the court had ordered counsel not to present evidence concerning that defense at trial. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991); United States v. Rodriguez-Ramirez, 777 F.2d 454, 458 (9th Cir.1985). We therefore determine Graibe's ineffective assistance of counsel claim to be without merit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3