122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Earnest CULLINS, Defendant-Appellant.
 No. 96-10503.
 United States Court of Appeals, Ninth Circuit.
 Aug. 26, 1997.
 
 1
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding
 
 
 2
 Before: FLETCHER and REINHARDT, Circuit Judges, and WARDLAW, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Melvin Cullins appeals his conviction, after a jury trial, for violation of 21 U.S.C. § 843(b) which prohibits the use of a communication facility to facilitate the commission of a drug offense. We affirm.
 
 I.
 
 5
 Cullins was indicted and ultimately convicted of three counts of use of a communication facility and six drug offenses. He appeals the conviction arising from a transaction that occurred November 1, 1995, arguing that the evidence presented was insufficient to warrant conviction under 21 U.S.C. § 843(b).
 
 
 6
 On October 25, 1995, Rowlett, an informant and Cullins' roommate, arranged a meeting with Cullins and FBI Agent Flowers. At this meeting Cullins distributed cocaine base to Rowlett in Flowers' presence. Flowers then expressed a desire to buy cocaine from Cullins who permitted Rowlett to give Flowers his pager number. On November 1, after unsuccessfully attempting to contact Cullins using the pager number, Flowers called Rowlett and Cullins at their home. Cullins agreed to meet Flowers at a local store. They discussed the purchase of drugs and Cullins provided a sample of cocaine base.
 
 
 7
 "Facilitation" of a drug transaction under § 843(b) "is established by showing that the use of a communication facility made easier or less difficult, or assisted or aided the narcotics offense." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988). Moreover, "use" of a telephone occurs regardless of who initiates the call. United States v. Rodriguez-Ramirez, 777 F.2d 454, 457 (9th Cir.1985). The evidence presented at trial was sufficient to warrant Cullins' conviction under § 843 for use of a communications facility to facilitate a narcotics offense. Cullins' conviction is
 
 
 8
 AFFIRMED.
 
 
 
 **
 The Honorable Kim M. Wardlaw, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3