**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREE ODELL SMITH,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>DERRAL G. ADAMS, Warden;<br>ATTORNEY GENERAL FOR THE<br>STATE OF CALIFORNIA,<br><br>               Respondents - Appellees. | No. 10-17482<br><br>DC No. 2:07 cv-1462 GEB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted January 14, 2013
San Francisco, California

Before:    NOONAN, TASHIMA, and GRABER, Circuit Judges.

Free Odell Smith appeals the district court's denial of his petition for habeas

corpus relief pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§§ 1291 and 2253. We review the district court's denial of a habeas petition de novo. *DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009). We affirm.

1.    The California Court of Appeal reasonably concluded that Smith's Sixth Amendment rights were not violated by the trial court's decision not to appoint new counsel at the pre-trial *Marsden* hearing. *See People v. Marsden*, 465 P.2d 44 (Cal. 1970). The Sixth Amendment does not guarantee a criminal defendant a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13 (1983). Indeed, "no Supreme Court case has held that 'the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust.'" *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (quoting *Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc)).

Here, there is no allegation that trial counsel had an actual conflict of interest. Rather, Smith's poor relationship with trial counsel was attributable to their differing opinions as to trial strategy and Smith's subjective distrust, neither of which is a suitable ground for habeas relief. *See Plumlee*, 512 F.3d at 1210-11. The trial court also conducted a thorough inquiry into Smith's claim of a conflict, foreclosing the possibility of relief on this ground. *See id.* at 1211.

**2.** The state Court of Appeal reasonably concluded that Smith's Sixth Amendment rights were not violated by the trial court's decision not to appoint new counsel, post-trial, to pursue a motion for a new trial. With respect to the sufficiency of the inquiry conducted, the trial court afforded Smith the opportunity to set forth the reasons why he believed new counsel (and a new trial) was warranted. To the extent that Smith claimed a conflict with counsel, Smith did not offer any evidence of the alleged conflict that had not been fully explored during the pre-trial *Marsden* hearing.

The allegations underlying Smith's request for new counsel also did not, on the merits, present a viable claim of ineffective assistance. The physical description that the uncalled witness allegedly would have provided actually matched Smith's appearance a month following the shooting; therefore, that witness' testimony would only have harmed Smith's case. As for the alleged failure to reveal certain information concerning Scott Appleby, one of the State's witnesses, trial counsel had already impeached Appleby by introducing several of his prior convictions at trial. The failure to take additional impeachment measures did not present a colorable claim of deficient performance, or prejudice, under *Strickland v. Washington,* 466 U.S. 668 (1984).

**3.** The state Court of Appeal reasonably concluded that Smith's rights were not violated by the trial court's refusal to grant a continuance at the sentencing hearing. Trial courts are afforded broad discretion on matters of continuances. *Morris*, 461 U.S. at 11. In assessing whether the denial of a continuance was "so arbitrary as to violate due process," we must look to the circumstances of the given case, "particularly . . . the reasons presented to the trial judge at the time the request [was] denied." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Smith requested a continuance – on the day of his scheduled sentencing – so that he could file a *pro se* motion for a new trial. But the trial court had already heard, and appropriately rejected, the grounds for that motion.

**4.** There was no constitutional violation resulting from the trial court's response to the jury's question on the difference between malice aforethought and premeditation. A trial court enjoys "wide discretion" in responding to a question from the jury. *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003). Smith does not suggest that the trial court's brief explanations of malice aforethought and premeditation were incorrect statements of the law, nor does Smith suggest that there were any deficiencies in the underlying instructions to which the court pointed the jury. Indeed, because the jury did not ask any followup questions, we must presume that the jury understood the court's response and appropriately

applied the instructions referenced in that response. *See Waddington v. Sarausad*, 555 U.S. 179, 195-96 (2009) (citing *Weeks v. Angelone*, 528 U.S. 225, 234 (2000)).

5. The admission of testimony from one of the State's witnesses concerning a menacing T-shirt left on his car prior to trial did not "render[] the trial so fundamentally unfair as to violate due process." *Randolph v. California*, 380 F.3d 1133, 1147 (9th Cir. 2004) (internal quotation marks omitted). The testimony implicated Smith only indirectly, if at all; further, before admitting the testimony, the trial court gave a limiting instruction that the jury could consider the testimony only for the purpose of evaluating the witness' credibility. Juries are presumed to follow such instructions. *See Zafiro v. United States*, 506 U.S. 534, 540 (1993).

6. The prosecutor's comments on Smith's failure to call his girlfriend and Anthony Woods as witnesses did not violate the dictate of *Griffin v. California*, 380 U.S. 609 (1965). "[A] prosecutor may properly comment upon a defendant's failure to present witnesses so long as it is not phrased to call attention to [the] defendant's own failure to testify." *United States v. Castillo*, 866 F.2d 1071, 1083 (9th Cir. 1988) (internal quotation marks omitted); *see also United States v. Inzunza*, 638 F.3d 1006, 1023 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 997 (2012). Here, the prosecutor's comments did not run afoul of this test. They in no

way drew attention to Smith's not testifying, but only spoke to the failure to present two particular witnesses who could have exonerated Smith.

7.     Smith is not entitled to relief on his claims of ineffective assistance of trial counsel. The Sacramento County Superior Court reasonably concluded that trial counsel was not ineffective in failing to call an expert witness. Smith merely speculates as to the expert testimony that could have been produced, but "[s]peculation about what an expert could have said is not enough to establish prejudice." *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997). The Superior Court also reasonably concluded that Smith was not prejudiced by the failure to call Anthony Woods as a witness. In several letters that Woods sent to Smith's state appellate counsel, Woods asserted that Scott Appleby had lied about who picked up the shell casings following the shooting. Yet this testimony had already been undermined at trial. Moreover, Woods' letters never disputed the central fact of the case – that Smith was the shooter – making it unlikely that his testimony would have negated the strong evidence to this effect produced at trial. Finally, Smith's claim that trial counsel was ineffective for failing to give an opening statement fails. This is the kind of decision that is "a mere matter of trial tactics." *United States v. Rodriguez-Ramirez*, 777 F.2d 454, 458 (9th Cir. 1985).

-6-

**8.** The consecutive sentence that Smith received pursuant to Cal. Penal Code §12022.53(d) did not violate the prohibition against double jeopardy. *See Plascencia v. Alameida*, 467 F.3d 1190, 1204 (9th Cir. 2006).

**9.** Smith did not receive ineffective assistance of appellate counsel for failure to raise various of his claims on direct appeal, because all of his claims are without merit. *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

The judgment of the district court is **AFFIRMED.**