**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Norman H. CROWHURST,**
**Defendant-Appellant.**

**No. 77–4004.**

United States Court of Appeals,
Ninth Circuit.

May 7, 1979.

---

Norman H. Crowhurst, pro se.

Ronald Hovet, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before SMITH,* ELY, and CARTER, Circuit Judges.

PER CURIAM:

On March 8, 1977, a five-count indictment was returned against Crowhurst, the appellant. Counts I and II charged Crowhurst with the willful filing of false tax returns in 1970 and 1971, 26 U.S.C. § 7206(1), and Counts III, IV, and V charged willful failure to file income tax returns for the years 1972, 1973, and 1974, 26 U.S.C. § 7203. In July, 1977, Crowhurst was convicted on all counts after a trial before a jury. We reverse.

The most critical issue here is whether Crowhurst knowingly, competently, and intelligently waived his right to counsel before electing to represent himself. The rec-

ord, as supplemented by Order of this court, includes the transcripts of various proceedings wherein the question of waiver of counsel and the decision of Crowhurst to represent himself was specifically addressed. In one of those proceedings, on July 19, 1977, the District Court advised Crowhurst of his right to counsel and discussed, with laudable care and patience, the general disadvantages to an accused of waiving counsel and undertaking to represent himself. Regrettably, however, the District Court did not discuss the nature of the charges and the possible penalties involved should Crowhurst eventually be convicted. Moreover, this subject was not addressed in the other proceedings when the waiver of counsel was discussed and considered.

As written in *United States v. Dujanovic,* 486 F.2d 182, 186 (9th Cir. 1973):

We cannot visualize a less minimal requirement than the District Court shall not grant a request to waive counsel and proceed *pro se* without addressing the accused personally and determining on the record that the demand to waive counsel and proceed *pro se* is competently and intelligently *made with understanding of the nature of the charge and the penalties involved.* (Emphasis added.)

*See also United States v. Aponte,* 591 F.2d 1247, 1249–50 (9th Cir. 1978).

No decision of our court that has addressed the waiver of counsel issue has held that the District Court may dispense with the requirement that an accused individual must specifically be made aware of the charges and their possible penalties and sanctions. *See, e. g., United States v. Aponte, supra; United States v. Gillings,* 568 F.2d 1307 (9th Cir. 1978); *Cooley v. United States,* 501 F.2d 1249 (9th Cir. 1974); *Hodge v. United States,* 414 F.2d 1040 (9th Cir. 1969) (en banc). It may be that the District Court's inadvertent omission in this

* Honorable J. Joseph Smith, Senior United States Circuit Judge, Second Circuit, sitting by designation.

respect would not constitute reversible error if the record clearly disclosed that Crowhurst had, in some manner, been fully informed as to the nature and possible penalties of the crimes charged in the indictment. *See United States v. Aponte, supra,* at 1249–50; *Cooley v. United States, supra,* at 1252. We have, however, studied and restudied the record before us, and we can find no evidence whatsoever that the required information was imparted.

We do not reach other issues that are presented.

REVERSED and REMANDED.