**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Norman H. CROWHURST,**
**Defendant-Appellant.**

**No. 79–1746.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 1980.

Decided Aug. 18, 1980.

Rehearing Denied Oct. 20, 1980.

---

Norman H. Crowhurst, Levi J. Smith, Portland, Or., for defendant-appellant.

Ronald H. Hoevet, Asst. U.S. Atty., Portland Or., for plaintiff-appellee.

Before TRASK and FLETCHER, Circuit Judges, and BLUMENFELD,* District Judge.

TRASK, Circuit Judge:

Defendant-Appellant Crowhurst appeals from his conviction of two counts of willfully filing false tax returns in violation of 26 U.S.C. § 7206(1) and three counts of willful failure to file tax returns in violation of 26 U.S.C. § 7203. These violations occurred in the years 1970–74.

During his trial, appellant proceeded pro se, with the limited assistance of appointed "standby" counsel. Following an earlier trial on the same charges, during which Crowhurst also appeared pro se, this court reversed Crowhurst's convictions on the ground that the nature of the charges and the extent of the possible penalties were not fully disclosed to Crowhurst prior to his decision to waive his right to counsel. *See United States v. Crowhurst*, 596 F.2d 389 (9th Cir. 1979). On remand, a second trial was held and Crowhurst was again convicted. It is from this second trial that the present appeal has been brought. Notice of appeal was timely and this court has jurisdiction under 28 U.S.C. § 1291.

I

On appeal, Crowhurst raises a number of issues all of which are without any merit and many of which are frivolous. In response, the government simply argues that there is substantial evidence supporting Crowhurst's convictions and that the nature of the charges and possible penalties were properly disclosed to Crowhurst prior to his second trial.

In 1970 and 1971, Crowhurst submitted 1040 forms to which he attached W–2 forms which showed the amount of tax withheld by the school which employed Crowhurst as a part-time professor. He signed the 1040 forms and requested refunds of the withheld amounts but did not otherwise fill out the form. He did not disclose substantial additional income which he received in each of these years from book and article royalties.

Crowhurst also attached to these returns documents entitled "Statement" and "A Declaration" in which he circuitously explained the reasons why he filed as he did. His reasons were rather obscure, but in general related to his belief that the government's definition of "gross income" overstated defendant's actual income. Defendant had earlier claimed as "costs of goods sold," and the IRS had disallowed, a number of deductions with relation to the books and articles Crowhurst authored. Crowhurst also disputed other elements of gross income as defined by the IRS.

II

Appellant raises the following questions:

A) Crowhurst contends that he was unable to file a proper return because he did not understand or agree with the IRS's definition of gross income. Apparently Crowhurst believed that he should be able to claim a number of expenses as "costs of goods sold" in calculating his gross income from book and article royalties. After unsuccessfully arguing this point and other similar disputes with the IRS, Crowhurst determined that reporting gross income as the IRS required was tantamount to "lying" and so he submitted only his teaching salary W–2 forms and reported no royalty information at all.

* Honorable M. Joseph Blumenfeld, Senior United States District Judge for the District of Connecticut, sitting by designation.

The government points out that Crowhurst's trial testimony reveals that he knew full well how to properly report his royalty income—he simply disagreed with the definition of gross income. This disagreement, however, does not entitle him to violate the law by failing to file a proper return.

■ B) Crowhurst's second contention is that there was insufficient evidence to support his conviction for "making a false return." In 1970 and 1971, Crowhurst submitted W–2 forms with a 1040 form which was blank except for Crowhurst's signature and a request that all taxes shown as withheld on the W–2s be refunded. Crowhurst did not disclose any of his additional income which amounted to over $10,000 in 1970 and exceeded $12,000 in 1971.

Crowhurst contends that since he neither actually filled in his gross income on the 1040 form lines nor computed the taxes he owed, he could not be said to have made a false return. His argument is meritless. He filed his signed 1040 forms with W–2 forms attached. Thus, he supplied the IRS with ostensibly complete information from which a tax could be computed. Although there are no cases directly on point, it has been held that a blank 1040 with no information from which a tax may be computed is no return all, *see United States v. Porth,* 426 F.2d 519 (10th Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970), thereby implying that the test for determining whether a filing constitutes a return is whether or not sufficient information is supplied from which a tax may be computed. This conclusion draws additional support from Crowhurst's claim on his return that a refund was owing, a claim which also implies that the information on the return was complete. The mere fact that Crowhurst did not himself enter numerals on the appropriate lines of the 1040 form should not prevent his conviction for making a false return.

Crowhurst's next argument repeats the one just discussed and adds his belief that the IRS had a duty to "listen to" his reasons for filing an incomplete return as set forth in his "Statement" and "Declaration." We could find no support for such a duty and Crowhurst cites none. His argument is without merit. Procedures exist for challenging the tax imposed by the IRS. When Crowhurst was refused relief by the IRS, he chose to violate the law by filing incomplete returns, and later no return at all.

■ C) Crowhurst then contends that since he disagreed with the IRS's definition of gross income, filling out the 1040 form in compliance with IRS regulations would force Crowhurst to violate his conscience, or, in other words, lie. Crowhurst contends that by requiring that he comply with the tax regulations, the government is forcing him to lie—in violation of his freedom of religion. The argument is frivolous.

D) Crowhurst next argues that he did not act "willfully"—the state of mind element of the crimes of failing to file or of making a false return. Crowhurst contends that he was compelled to file as he did or else face financial ruin.

■ Crowhurst assigns no error to the willfulness instruction given in this case. His willfulness argument is a factual defense which the jury resolved against him. Furthermore, Crowhurst's "financial ruin" willfulness defense is not applicable to the crimes with which he was charged. He was not charged with failing to pay taxes, but with failure to properly file. Filing a proper return would not in and of itself cause financial ruin. *See United States v. Poll,* 521 F.2d 329, 332–33 (9th Cir. 1975). Consequently, the crimes of willfully failing to file, or of making a false return, should not be susceptible to a financial ruin defense. If Crowhurst were to suffer financial ruin at all, it would be the result of the requirement that he pay the taxes assessed, not the requirement that he file a proper return.

■■ E) Crowhurst's next argument is difficult to understand, but apparently is an objection to the district court's failure to give Crowhurst's requested instruction No. 7. This instruction would justify an individual in violating tax laws in order to avoid a private financial injury. The instruction has no basis in law and, if accept-

ed, would circumvent the entire tax structure. Crowhurst's argument might also be construed as a claim that his Fifth Amendment privilege against self-incrimination was violated by forcing him to file and then using those filings as the basis for criminal indictments. This argument has been frequently rejected. *See, e. g., United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir. 1980).

■ F) Crowhurst finally raises a number of issues related to the assistance of counsel. First, he contends that his right to assistance of counsel should have arisen in 1967 when Crowhurst first began to have income difficulties. The argument is frivolous and, if accepted, would extend a defendant's right to counsel far beyond its present limitations. *See Mempa v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967) ("[Appointment] of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected."); *Williams v. United States*, 394 F.2d 957 (D.C. Cir.), *cert. denied*, 393 U.S. 984, 89 S.Ct. 457, 21 L.Ed.2d 445 (1968) (The first stage at which counsel must be provided is the arraignment, or preliminary hearing, or whatever constitutes the first step in a criminal proceeding against the defendant.) Second, Crowhurst contends that he or his attorney should have been able to cross-examine grand jury witnesses. This argument fails for the simple reason that "[d]uring a grand jury proceeding there is no right of cross-examination, or of introducing evidence to rebut the prosecutor's presentation." *United States v. Y. Hata & Co.*, 535 F.2d 508, 512 (9th Cir.), *cert. denied*, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976). Third, Crowhurst contends that both he and his "stand-by" attorney should have been permitted to participate in the conduct of his defense. This circuit, however, has held that the right to assistance of counsel and the right to waive that assistance and appear pro se are disjunctive rights. *United States v. Dujanovic*, 486 F.2d 182, 185 (9th Cir. 1973). Defendant was properly advised by the district court prior to waiving his right to counsel. *See United States v. Crowhurst*, 596 F.2d 389

(9th Cir. 1979). He may not now contend that his standby counsel should have been allowed to participate in his defense.

In summary, defendant's conviction was supported by substantial evidence and was not tainted by any legal error.

The convictions are affirmed.