Alvaro **ECHAVARRIA–OLARTE,**
Petitioner–Appellant,

v.

Janet **RENO,** Attorney General for the United States of America,*
Respondent–Appellee.

No. 93–15752.

United States Court of Appeals, Ninth Circuit.

Submitted July 25, 1994 **.

Decided Sept. 6, 1994.

---

* Janet Reno is substituted for her predecessor, William Barr, pursuant to Fed.R.App.P. 43(c)(1).

** The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Rebecca Donaldson, San Diego, CA, for the petitioner-appellant.

Michael J. Yamaguchi, U.S. Atty., San Francisco, CA, for respondent-appellee.

Before: GOODWIN, Senior Circuit Judge, and PREGERSON and RYMER, Circuit Judges.

GOODWIN, Senior Circuit Judge:

Alvaro Julio Echavarria–Olarte appeals the dismissal of his federal habeas corpus petition. 28 U.S.C. § 2255. He challenges the sufficiency of his indictment, arguing that the indictment failed (1) to cite the substantive drug statutes which he conspired to violate, (2) to state that the cocaine was to be *unlawfully* imported, and (3) to state that the drugs were to be imported into the United States. In addition, he argues (4) that the trial court's jury instructions constructively amended the indictment. We affirm.

I.

A federal jury convicted Echavarria–Olarte of conspiracy to import cocaine, 21 U.S.C. § 963, conspiracy to possess cocaine with intent to distribute it, 21 U.S.C. § 846, and six counts of transportation in aid of racke-

teering, 18 U.S.C. § 1952. The district court sentenced him to two concurrent life sentences for each of the conspiracy convictions and six concurrent five-year sentences for each of the § 1952 convictions. After this court affirmed his conviction, *United States v. Echavarria–Olarte,* 904 F.2d 1391 (9th Cir. 1990), and the district court denied his Rule 35 petition to reduce his sentence, Echavarria–Olarte filed the instant 28 U.S.C. § 2255 petition, challenging the sufficiency of his indictment. The district court rejected his claims on their merits. Echavarria–Olarte appealed.

## II.

■ We review de novo both a district court order denying federal habeas relief and the sufficiency of an indictment. *Adams v. Peterson,* 968 F.2d 835, 843 (9th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 1818, 123 L.Ed.2d 448 (1993); *United States v. Dischner,* 974 F.2d 1502, 1518 (9th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1290, 122 L.Ed.2d 682 (1993). However, "indictments which are tardily challenged are liberally construed in favor of validity." *United States v. Rodriguez–Ramirez,* 777 F.2d 454, 459 (9th Cir.1985). Moreover, a defendant who fails to object to an indictment before trial waives all objections except those which challenge the trial court's jurisdiction or allege that the indictment failed to charge an offense. Fed.R.Crim.Pro. 12(b); *United States v. Calabrese,* 825 F.2d 1342, 1346 (9th Cir.1987); *Rodriguez–Ramirez,* 777 F.2d at 458.

■ Here, Echavarria–Olarte did not challenge his indictment before or during trial or on direct appeal. Because he has not shown cause for this failure to object, we must construe his indictment liberally in favor of validity and review any nonjurisdictional challenges to the indictment only for plain error. *Calabrese,* 825 F.2d at 1346.

## III. FAILURE TO CITE THE SUBSTANTIVE DRUG STATUTES

■ Echavarria–Olarte first argues that Counts I and II of his indictment are insufficient because they cite only the federal "Attempt and Conspiracy" drug statutes, 21 U.S.C. §§ 963 and 846 and not the underlying substantive offense statutes.[1] He contends that this failure to list the relevant substantive offense statutes violates his Fifth Amendment right to indictment by a grand jury and Sixth Amendment right to be informed of the charges against him.[2]

"To be sufficient, an indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against him, primarily so that he can defend himself against the charge and plead double jeopardy in appropriate cases." *United States v. Normandeau,* 800 F.2d 953, 958 (9th Cir.1986); Fed.R.Crim.P. 7(c). "The indictment must be 'read as a whole' and construed according to common sense." *Dischner,* 974 F.2d at 1518 (quoting *United States v. Buckley,* 689 F.2d 893, 899 (9th Cir.1982), *cert. denied,* 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983)).

---

1. Count I charges:
   Beginning at a time unknown to the Grand Jury, but not later than on or about February 1, 1987, and continuing thereafter up to and including on or about July 26, 1987, in the State and Northern District of California and elsewhere, ALVARO JULIO ECHAVARRIA–OLARTE [and numerous codefendants], defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons whose names are both known and unknown to the Grand Jury, to import approximately five tons of cocaine, a Schedule II narcotic controlled substance, and in furtherance of the conspiracy, and to obtain the ends thereof, the following overt acts, among others, were committed.... [listing twenty-three overt acts none of

   which actually involved drug importation or any illegal activity], all in violation of Title 21, United States Code, Section 963.
   Superceding Indictment at 1–2. Count II contains identical language and incorporates by reference the same overt acts, but cites 21 U.S.C. § 846, rather than § 963, and states that the conspiracy aimed to "possess" rather than "import" cocaine. *Id.*

2. This precise issue apparently presents a question of "first impression." Appellant's Br. at 10. Neither the district court, the parties, nor this court have been able to find a published case addressing an indictment citing only §§ 846 or 963 and not the underlying substantive offense statute.

"An indictment under 21 U.S.C. § 846 is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative, *and the statute allegedly violated.*" *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir.1983) (emphasis added) (quoting *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir.1981), *cert. denied*, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982)); *see also United States v. Shabani*, 993 F.2d 1419, 1420 (9th Cir.1993) (also quoting this language), *cert. granted*, —— U.S. ——, 114 S.Ct. 1047, 127 L.Ed.2d 370 (1994).

Echavarria–Olarte contends that, under this case law, a conspiracy indictment must cite the relevant substantive offense statute which was the object of the alleged conspiracy. He emphasizes that §§ 963 and 846 both provide that

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the attempt or conspiracy.

21 U.S.C. §§ 963, 846.[3] A citation to these statutes, thus, does not indicate the precise object of the conspiracy.

Echavarria–Olarte relies heavily on *United States v. Miller*, 774 F.2d 883 (8th Cir.1985), in which the Eighth Circuit invalidated an indictment charging the appellant with operating a gambling establishment in violation of 18 U.S.C. § 1955. Under § 1955, it is a federal crime to operate a gambling business in violation of state or local law. Miller's indictment cited the federal statute, but did not specify which local law the business violated. The Eighth Circuit ruled that "the particular state statute alleged to have been violated is an essential and substantive element of a violation of 18 U.S.C. § 1955 … [because, with some exceptions] the elements of a Section 1955 violation are actually contained in the underlying state law alleged to have been transgressed." *Id.* at 885. Miller's indictment was therefore fatally defective: It contained no assurance that the grand jury deliberated on the elements of any particular state offense and did not describe the activities forming the basis of the charge. *Id.*

The Ninth Circuit has similarly held that an indictment under the federal aiding and abetting statute, 18 U.S.C. § 2, "must be accompanied by an indictment for a substantive offense." *United States v. Medina*, 940 F.2d 1247, 1249 (9th Cir.1991) (quoting *Londono–Gomez v. INS*, 699 F.2d 475, 477 (9th Cir.1983). Section 2 provides that one who "aids, abets, counsels, commands, induces or procures" the commission of "an offense against the United States … is punishable as a principal." A citation to 18 U.S.C. § 2 does not indicate the particular crime at issue, and thus does not inform a defendant of the elements of his alleged offense. *Id.*

Echavarria–Olarte contends that, under this case law, his indictment is defective because the citations to §§ 963 and 846 told him only that he was charged with conspiring or attempting to violate an "offense within this subchapter" and thus did not indicate the substantive drug offense at issue. This argument is not wholly frivolous: Had Echavarria–Olarte's indictment cited only the conspiracy statutes and given no explanation of the conspiracy's unlawful object, Echavarria–Olarte's argument might have some merit.

However, Echavarria–Olarte's indictment did more than simply cite the conspiracy statutes. It also charged that Echavarria–Olarte conspired to "import approximately five tons of cocaine" and to "possess with intent to distribute approximately five tons of cocaine." Therefore, unlike the indictments discussed in *Miller* and *Medina*, the indictment notified Echavarria–Olarte that the underlying substantive offenses were cocaine importation and possession with intent to distribute cocaine. This language describes the activities forming the basis of the charge with sufficient particularity to assure that the Grand Jury deliberated on the elements of the crime. In fact, because the conspiracy statutes cited refer to "offenses within this subchapter," rather than to "a violation of United States law" or "in violation of state or local law," the cited statutes and the indictment, read together, were sufficient to inform Echavarria–Olarte not only of the ele-

---

3. In § 846 "any offense defined in this subchapter" refers to the drug possession and distribution offenses; in § 963 it refers to the drug import and export offenses.

ments of his crime but also of the underlying substantive offense statutes, § 952 and § 841(a).[4]

"[A] conviction will not be reversed merely because a minor or technical deficiency in the indictment is later discovered." *Normandeau,* 800 F.2d at 958. An "error in the citation or its omission shall not be grounds for ... reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." Fed.R.Crim.P. 7(c)(3). "The key question ... is whether an error or omission in an indictment worked to the prejudice of the accused." *Normandeau,* 800 F.2d at 958 (Internal quotations omitted). Echavarria–Olarte has not shown that the indictment's failure to cite the substantive offense statutes prejudiced him or that the alleged error, if any, was a defect of substance, rather than of form. *United States v. Zavala,* 839 F.2d 523, 525 (9th Cir.) (indictment for using a telephone to facilitate drug crimes which failed to name the specific controlled substance involved had a "defect of form, not substance"), *cert. denied* 488 U.S. 831, 109 S.Ct. 86, 102 L.Ed.2d 62 (1988).[5]

## IV. FAILURE TO ALLEGE THAT COCAINE IMPORTATION AND POSSESSION IS UNLAWFUL

■ Echavarria–Olarte also argues the indictment does not specify that the "five tons of cocaine" were to be *unlawfully* imported and possessed. He correctly notes that, under § 952, cocaine can be legally imported in certain circumstances. He argues, therefore, that his indictment is invalid under *United States v. King,* 587 F.2d 956, 962–65 (9th Cir.1978) (indictment charging physician for

drug violations must allege that the physician lacked authorization or a legitimate medical reason for distributing or dispensing drugs).[6]

■ While an indictment must ordinarily charge every essential element of an offense, it need not negate every applicable statutory exception. *United States v. Green,* 962 F.2d 938, 941 (9th Cir.1992); *United States v. Hester,* 719 F.2d 1041, 1043 (9th Cir.1983). Rather, the burden is on the defendant to show that he comes within the exception. *Id.* Here, Echavarria–Olarte does not even allege that the exceptions apply to him; nothing in the record indicates that he is a doctor or other person permitted to distribute or import cocaine. Unlike physicians, who are generally permitted to distribute drugs, ordinary citizens are not generally permitted to import five tons of cocaine.

Moreover, the indictment charged that Echavarria–Olarte and his codefendants "knowingly and intentionally" conspired to import "approximately five tons of cocaine, a schedule II narcotic controlled substance ... in violation of Title 21, United States Code, section 963." This language, read in a common sense manner and construed in favor of validity, was sufficient to apprise Echavarria–Olarte him that he was charged with conspiring to import cocaine unlawfully. *Cf. United States v. Drew,* 722 F.2d 551, 552–54 (9th Cir.1983), *cert. denied,* 467 U.S. 1216, 104 S.Ct. 2661, 81 L.Ed.2d 367 (1984).

## V. FAILURE TO ALLEGE THAT THE COCAINE WAS TO BE IMPORTED INTO THE UNITED STATES

■ In his reply brief, Echavarria–Olarte also argues that the indictment was insuffi-

---

4. Section 841(a) is the only statute within the subdivision which makes "possession with intent to distribute cocaine" a crime, and Echavarria–Olarte does not contend that he did not know that the indictment charged a conspiracy to violate § 841(a). With regard to the conspiracy to import count, Echavarria–Olarte contends that he was unable to defend himself because he could not determine whether he should prepare to defend himself against 21 U.S.C. § 952, 954(2) or 957(A)(1). This argument is without merit. The latter two statutes refer to registering with the attorney general in order to import controlled substances. Echavarria–Olarte's alleged plot to import five tons of cocaine does not come within these statutes.

5. Echavarria–Olarte also contends that the indictment's failure to cite the relevant substantive statute prejudiced him or failed to allege an offense because it did not specify the precise penalties to which he might be subject. This contention is without merit. An indictment must specify the elements of the offense, not the precise penalty which may attach. *Cf. United States v. Anderson,* 987 F.2d 251 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 157, 126 L.Ed.2d 118 (1993).

6. *But see United States v. Polan,* 970 F.2d 1280 (3rd Cir.1992) (reaching the opposite conclusion and rejecting *King*), *cert. denied* —— U.S. ——, 113 S.Ct. 1367, 122 L.Ed.2d 745 (1993).

cient because it failed to allege that the drugs were to be imported into the United States. Even if this argument has not been waived by Echavarria–Olarte's failure to raise it below and in his appellate brief, it is without merit. The indictment alleged that Echavarria–Olarte and his codefendants conspired to import cocaine and committed a variety of acts "in the State and Northern District of California." Viewed in a common sense manner and construed in favor of validity, this language indicates that the cocaine was to be imported into the United States.

## VI. JURY INSTRUCTIONS

Finally, Echavarria–Olarte argues that the trial court constructively amended the indictment (1) by instructing the jury that cocaine importation and distribution are unlawful [7] and (2) by giving the *Pinkerton* conspiracy instruction on coconspirator liability. We disagree.

"A constructive amendment of an indictment occurs when the evidence produced at trial supports a crime other than that charged in the indictment." *United States v. Alvarez,* 972 F.2d 1000, 1003 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1427, 122 L.Ed.2d 795 (1993). A constructive amendment is considered prejudicial per se. *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984). Neither of the jury instructions Echavarria–Olarte cites constructively amended the indictment. The indictment implicitly charged that the cocaine conspiracy aimed to import cocaine unlawfully and specifically alleged a conspiracy. Thus, the cited instructions were proper.

AFFIRMED.

---

**7.** Echavarria–Olarte also contends that this instruction violated his right to a jury trial, by improperly resolving an issue of fact and improperly shifting the burden of proof. This contention is without merit. The lawfulness of the alleged scheme to import "approximately five tons of cocaine" was not in dispute at trial, as Echavarria–Olarte did not (and does not) contend that he had a legal right to import cocaine.

