77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph CALLES, Defendant-Appellant.
 No. 95-15663.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 20, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Joseph Calles appeals the district court's denial of his 28 U.S.C. § 2255 motion. Calles contends that: (1) his counsel was ineffective for failing to challenge a defective indictment; (2) the district court erred by failing to hold an evidentiary hearing on his § 2255 motion; and (3) this court should review the record for error under Anders v. California, 386 U.S. 738 (1967). We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and affirm.
 
 
 3
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also United States v. Quintero-Barraza, 57 F.3d 836, 840 (9th Cir.1995) (defendant bears burden of establishing incompetence of counsel and resulting prejudice).
 
 
 4
 An indictment must state the elements of the charged offense with sufficient clarity so that the defendant can defend himself against the charge and plead double jeopardy in appropriate cases. Echavarria-Olarte v. Reno, 35 F.3d 395, 397 (9th Cir.1994), cert. denied, 115 S.Ct. 1812 (1995); Fed.R.Crim.P. 7(c). An indictment is generally sufficient if it sets forth the charged offense in the words of the statute. See United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir.1986). An indictment charging a conspiracy under 21 U.S.C. §§ 846 or 963 is sufficient if it alleges a conspiracy to distribute or import drugs, the time during which the conspiracy occurred, and the statute allegedly violated. See Echavarria-Olarte, 35 F.3d at 398.
 
 
 5
 Counts one and two of the indictment alleged a conspiracy to import cocaine into the United States, and a conspiracy to possess cocaine for distribution. The counts also alleged the time during which the conspiracies occurred, and the underlying statutes. The allegations were sufficient. See id. at 397-98. Counts three and four of the indictment alleged that Calles imported cocaine into the United States and possessed cocaine for distribution in the words of 21 U.S.C. §§ 952(a) and 841(a)(1). Because the indictment was sufficient, see Johnson, 804 F.2d at 1084, Calles has not shown prejudice from the alleged ineffectiveness of counsel, see Strickland, 466 U.S. at 687; Quintero-Barraza, 57 F.3d at 840.
 
 
 6
 No evidentiary hearing was necessary because the record conclusively shows that he was not entitled to relief, and Calles did not allege any facts creating a material factual dispute. See United States v. Andrade-Larrios, 39 F.3d 986, 991 (9th Cir.1994). Contrary to Calles's suggestion, the district court may rely on its own recollection in deciding a § 2255 motion. See Shah v. United States, 878 F.2d 1156, 1160 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 7
 We do not address the claims in Calles's pro se pleading because he is represented by counsel, see United States v. Crowhurst, 629 F.2d 1297, 1301 (9th Cir.), cert. denied, 449 U.S. 1021 (1980), and because he did not present these issues in his § 2255 motion in the district court, see United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). We decline counsel's invitation to search the record under Anders v. California, 386 U.S. 738 (1967), because counsel submitted an appellate brief, argued the appeal on the merits, and did not request permission to withdraw.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3