87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Donald CHAMBERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Donald CHAMBERS, Defendant-Appellant.
 No. 95-55857.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided June 17, 1996.
 
 Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard D. Chambers ("Chambers") appeals the denial of two separate habeas petitions filed under 28 U.S.C. § 2255, challenging his 1986 and 1991 convictions for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). We affirm.
 
 
 3
 In 1986, the Government filed a two-count information ("the 1986 information") against Chambers, alleging that he received child pornography in violation of 18 U.S.C. § 2252(a)(2). Both counts tracked the language of § 2252(a)(2) which, in pertinent part, makes it unlawful for any person to:
 
 
 4
 (2) knowingly receive[ ], or distribute[ ], any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce ..., if--
 
 
 5
 (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
 
 
 6
 (B) such visual depiction is of such conduct; ....
 
 
 7
 Chambers pled guilty and did not appeal.
 
 
 8
 In 1991, the Government filed a one-count indictment ("the 1991 indictment") against Chambers, again alleging that he received child pornography in violation of 18 U.S.C. § 2252(a)(2). This count tracked the language of § 2252(a)(2) with one slight modification. The words "of minors" were added following the phrase "knowingly received visual depictions." Chambers pled guilty once more and did not appeal.
 
 
 9
 In 1994, the Supreme Court ruled that the term "knowingly" in § 2252(a)(2) extended both to the sexually explicit nature of the material and to the age of the persons depicted in the pornography. United States v. X-Citement Video, --- U.S. ----, 115 S.Ct. 464, 472, 130 L.Ed.2d 372 (1994). Following that decision, Chambers sought habeas relief, arguing that the 1986 information and the 1991 indictment were insufficient because they did not adequately allege the mens rea requirement. The district court denied Chambers' petitions and he appeals.
 
 
 10
 Chambers contends that neither the 1986 information nor the 1991 indictment charged an offense against him. Although Chambers did not raise these challenges prior to pleading guilty or on appeal, he has not waived them. See Fed.R.Crim.P. 12(b)(2); See also Echavarria-Olarte v. Reno, 35 F.3d 395, 397 (9th Cir.1994) ("[A] defendant who fails to object to an indictment before trial waives all objections except those which challenge the trial court's jurisdiction or allege that an indictment failed to charge an offense."), cert. denied, --- U.S. ----, 115 S.Ct. 1812, 131 L.Ed.2d 822 (1995).
 
 
 11
 "We review de novo both a district court order denying federal habeas relief and the sufficiency of an indictment[,] ... [but] indictments which are tardily challenged are liberally construed in favor of validity." Echavarria-Olarte, 35 F.3d at 397 (citation and internal quotations omitted). However, where a defendant shows cause for a failure to object to an indictment before trial or on direct appeal, the court should not construe the indictment liberally in favor of validity. See id. ("Because he has not shown cause for this failure to object, we must construe his indictment liberally in favor of validity....").
 
 
 12
 We need not decide whether Chambers has shown cause for his earlier failures to challenge the sufficiency of the 1986 information and 1991 indictment. For even if we do not construe them liberally in favor of validity, both the 1986 information and the 1991 indictment are sufficient. " 'To be sufficient, an indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against him, primarily so that he can defend himself against the charge and plead double jeopardy in appropriate cases.' " Id. (quoting United States v. Normandeau, 800 F.2d 953, 958 (9th Cir.1986)); See also Russell v. United States, 369 U.S. 749, 763-64 (1962).
 
 
 13
 The Supreme Court has held that the scienter requirement expressed by the term "knowingly" in section 2252(a)(2) extends to both the elements of "use of a minor" and "sexually explicit material." X-Citement Video, 115 S.Ct. at 472. In other words, a defendant must know that the visual depiction is of a minor and know that the depiction is of sexually explicit conduct. See id. The 1986 information is sufficient because it uses the language of 18 U.S.C. § 2252(a)(2). See United States v. Woodruff, 50 F.3d 673, 676 (9th Cir.1995) (as amended) ("In the Ninth Circuit, '[t]he use of a 'bare bones' information--that is one employing the statutory language alone--is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished.' " (quoting United States v. Crow, 824 F.2d 761, 762 (9th Cir.1987))).
 
 
 14
 In the 1991 indictment, the Government made only one modification to the language of § 2252(a)(2) by adding the words "of minors" following the phrase "knowingly received visual depictions." Chambers contends that as a result, the term "knowingly" in the 1991 indictment modified only the phrase "received visual depictions of minors" and not the subsequent phrase relating to the sexually explicit nature of the material. We reject this argument.
 
 
 15
 The slight modification made by the Government does not affect our analysis. It would be "odd" to interpret the 1991 indictment in the manner suggested by Chambers, because that "would sweep within the ambit of the statute actors who had no idea that they were even dealing with sexually explicit material." X-Citement Video, 115 S.Ct. at 467. Therefore, as in the case of the 1986 information, the 1991 indictment is sufficient.
 
 
 16
 Chambers has not pointed to any evidence that the language of the 1986 information or the 1991 indictment affected his decisions to plead guilty. Further, he has not argued that the language of the indictment handicapped him from pleading double jeopardy. The 1986 information and the 1991 indictment served their intended functions. See Woodruff, 50 F.3d at 677.
 
 
 17
 Neither the 1986 information nor the 1991 indictment is fatally defective. The district court did not err in denying Chambers' habeas petitions.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3