99 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas REILLEY, aka: Joseph Michael Page, Defendant-Appellant.
 No. 95-50406.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1996.*
Decided Oct. 22, 1996.
 
 Before: BRUNETTI, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Reilley appeals his guilty plea conviction and sentence for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends: (1) the statute under which he was convicted is unconstitutionally vague because it uses the term "cocaine," rather than "cocaine hydrochloride;" and (2) the indictment was deficient because it charged him with possession of "cocaine" rather than possession of "cocaine hydrochloride." Reilley also argues that the district court erred: (1) by failing to state specific reasons for imposing a sentence in the middle of the guideline range; (2) by refusing to recommend that Reilley be placed in a shock incarceration program pursuant to 18 U.S.C. § 4046; (3) by refusing to depart downward from the guideline range because of the general severity of drug offense sentences; and (4) by imposing a sentence that is too severe based on the nature and extent of the defendant's participation in the crime.
 
 
 3
 We have no jurisdiction to review the district court's choice of a sentence within the applicable guideline range. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990). With regard to Reilley's other challenges, we affirm.
 
 I.
 
 4
 Reilley argues 21 U.S.C. § 841(a)(1) is vague because it identifies the controlled substance involved in this case as "cocaine," rather than "cocaine hydrochloride," or "powder cocaine," terms that he contends are more specific and scientifically more accurate. In fact, the statute prohibits possession of "cocaine, its salts, optical and geometric isomers, and salts of isomers," 21 U.S.C. § 812(c) (Schedule II(a)(4)), "by whatever official name, common or usual name, chemical name, or brand name designated." 21 U.S.C. § 812(c). The statute lists all the chemical forms of cocaine, and thereby "makes clear that trafficking in any form of cocaine will result in punishment." United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir.1990). Reilley's contention that the statute is vague is without merit.
 
 II.
 
 5
 Reilley also argues the indictment was deficient because it charged him with possessing "cocaine" rather than "cocaine hydrochloride" or "powder cocaine." The indictment specifically charged Reilley with violating 18 U.S.C. § 841(a)(1). It also tracked the language of 18 U.S.C. § 841(a)(1) and incorporated all the elements necessary to prove a violation of that statute, namely that Reilley knowingly possessed a controlled substance and intended to deliver it to another person. Accordingly, the indictment was sufficient to apprise Reilley of the charges against him and to enable him to prepare a defense. Echavarria-Olarte v. Reno, 35 F.3d 395, 397 (9th Cir.1994).
 
 III.
 
 6
 Reilley argues the district court failed to comply with section 3553(c) of Title 18, which requires a sentencing court to state its reasons for imposing a particular sentence within the guideline range. Section 3553(c) only applies, however, when the guideline range exceeds twenty-four months. United States v. Howard, 894 F.2d 1085, 1092 (9th Cir.1990). Here, the applicable guideline range was fifty-one to sixty-three months, a span of only twelve months. Accordingly, even if the district court's explanation of its sentencing choice were insufficient, section 3553(c)(1) simply does not apply.
 
 IV.
 
 7
 Finally, Reilley argues the district court erred by refusing to recommend him for participation in the shock incarceration program pursuant to section 5F1.7 of the sentencing guidelines. Section 5F1.7 states that a sentencing court "may" recommend a convict for participation in the shock incarceration program. The decision is entirely within the sentencing court's discretion and therefore is not reviewable on appeal. United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3