168 F.3d 498
 Michael Ray EVANS, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 98-35198.
D.C. No. CV-97-05479-RJB.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1999[1].
Decided Feb. 11, 1999.
 
 1
 Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding.
 
 
 2
 Before CANBY, O'SCANNLAIN, and WARDLAW Circuit Judges.
 
 MEMORANDUM
 
 3
 Michael Ray Evans, a Washington State prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for first degree rape. We review de novo a district court's denial of a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 4
 Evans contends that there was insufficient evidence to establish the jurisdictional element of the offense because the rape occurred in Oregon rather than Washington. This contention lacks merit.
 
 
 5
 Under Washington law, the state has jurisdiction over a charge if an essential element of the offense is committed in Washington. See State v. Lane, 771 P.2d 1150, 1153 (Wash.1989) (en banc); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.1989) (federal courts defer to state supreme court's interpretation of state law). Viewing the evidence in the light most favorable to the prosecution, there was more than ample evidence for the jury to conclude that the kidnapping element of first degree rape had occurred in Washington. See Lane, 771 P.2d at 1153; Jackson v. Virginia, 443 U.S. 307, 319 (1979).[2]
 
 
 6
 Next, Evans contends that his Sixth Amendment right to fair notice of the charges was violated because the information neither expressly stated that part of the offense was committed in Oregon and part of it was committed in Washington nor identified the kidnapping element as the jurisdictional element of the offense. This contention lacks merit.
 
 
 7
 The information set forth the statutory elements of the charge and alleged that the crime occurred in Pierce County, Washington. See Lincoln v. Sunn, 807 F.2d 805, 812 (9th Cir.1987) ("by including the elements of the offense, a [charging document] informs the defendant of the charges against him"). In addition, the probable cause affidavit provided the relevant facts including the abduction, the subsequent transportation of the victim to Portland, and the victim's return to Tacoma, Washington. The prosecution repeated these facts during opening argument and defense counsel expressly acknowledged that he understood that the kidnapping element was the basis for jurisdiction in Washington. Accordingly, Evans had more than adequate notice of the nature of the accusation against him and the basis of the underlying jurisdiction. See Calderon v. Prunty, 59 F.3d 1005, 1009-10 (9th Cir.1995) (adequate notice may be provided to a defendant by means other than the charging document); see also Stephens v. Borg, 59 F.3d 932, 934 (9th Cir.1995). For the aforementioned reasons we also reject Evans' contention that the jury instruction on jurisdiction constructively amended the information by allowing the jury to convict him on the basis of jurisdiction not set forth in the information. See Stephens, 50 F.3d at 934; cf. Echavarria-Olarte v. Reno, 35 F.3d 395, 400 (9th Cir.1994) (holding that jury instructions did not constructively amend indictment by instructing jury that cocaine importation was unlawful as unlawfulness of act was implicitly part of charges and indictment need not negate every possible exception).
 
 
 8
 Finally, Evans argues that the district court failed to fulfill its obligation to make a de novo determination of his objections to the magistrate's recommendations and findings. We disagree.
 
 
 9
 In its order denying relief, the district court stated that it had "reviewed the petition for habeas corpus, the Report and Recommendation ... and the remaining record." In addition, in its order denying the motion for reconsideration, the district court specifically responded to Evans' contention that it had failed to conduct an independent review by stating it had "carefully considered the arguments, authorities, and supporting documentation before ruling." Evans has failed to present any evidence indicating that the district court did not review the magistrate's recommendations and findings de novo. See Martinez v. Newport Beach City, 125 F.3d 777, 786 (9th Cir.1997). Accordingly, the district court's order denying Evan's habeas petition and motion for summary judgment is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)
 
 
 [2]
 Evans also contends that the evidence was insufficient to support that he was the actual perpetrator of the crime. Because he failed to raise this issue in his petition before the district court, we decline to address it here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994)