Joseph I. MALVIA, Petitioner–Appellant,

v.

C.A. TERHUNE, Director, the California Department of Corrections; et al., Respondents–Appellees.

No. 00–56810.

D.C. No. CV–99–01030–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001 *.

Decided June 25, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Malvia's request for oral argument is denied.

Before O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

MEMORANDUM **

Joseph I. Malvia appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for drawing or exhibiting a firearm in the presence of a motor vehicle occupant. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ We review de novo the district court's denial of a habeas petition. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.

1999). Malvia contends that the trial court erred by failing to instruct the jury on the theory of self-defense under California Jury Instruction ("CALJIC") 9.07.

■ Contrary to Malvia's assertion, self-defense is an affirmative defense; the lack of self-defense is not an element of the offense charged. *See McKelvey v. United States*, 260 U.S. 353, 356–57, 43 S.Ct. 132, 67 L.Ed. 301 (1922) (stating the rule that "an indictment . . . founded on a general provision defining the elements of an offense . . . need not negative the manner of an exception . . . it is incumbent on one who relies on such exception to set it up and establish it."); *accord Echavarria–Olarte v. Reno*, 35 F.3d 395, 399 (9th Cir. 1994); *In Re Andre R.*, 158 Cal.App.3d 336, 341–342, 204 Cal.Rptr. 723 (1984) (stating "[i]t is well established that where a statute first defines an offense in unconditional terms and then specifies an exception to its operation, the exception is an affirmative defense to be raised and proved by the defendant."); *see also* Cal.Penal Code § 417.3.

Moreover, because the record reflects no basis for instructing the jury on self-defense, the trial court properly omitted the optional language of CALJIC 9.07 referring to self-defense. There being no error, the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law; the district court therefore properly denied Malvia's habeas petition. 28 U.S.C. § 2254(d); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000); *see also Prantil v. California*, 843 F.2d 314, 317–318 (9th Cir.1988) (concluding that habeas relief is not warranted

---

where an allegedly erroneous jury instruction did not violate due process).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.