**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William LINARES, a.k.a. Julio Galindo–Martinez, Defendant—Appellant.**

No. 06–30481.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2007.*

Filed Dec. 12, 2007.

Gary Y. Sussman, Esq., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Laura Graser, Esq., Portland, OR, for Defendant–Appellant.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

William Linares appeals from his conviction for Illegal Reentry of a Deported Alien in violation of 8 U.S.C. § 1326(a). The facts are known to the parties and need not be repeated here.

Linares brought a pretrial motion in district court to suppress identification evidence obtained following his encounter with Portland Police Bureau Officer Michael Bledsoe, arguing in relevant part that Bledsoe lacked sufficient cause to stop the truck in which Linares was a passenger and to request that Linares produce his identification. The district court denied the motion after a hearing. Linares then pleaded guilty, expressly reserving his right to appeal the denial of the suppression motion.

Linares argues that Bledsoe violated the Fourth Amendment by asking him to produce his identification even though Bledsoe did not reasonably suspect that Linares was engaged in criminal activity. Because, as Linares now concedes, probable cause supported the traffic stop, the Fourth Amendment was not implicated when Bledsoe requested that Linares produce his identification, even in the absence of reasonable suspicion as to him. *See United States v. Diaz–Castaneda,* 494 F.3d 1146, 1152 (9th Cir.2007) ("The police may ask people who have legitimately been stopped for identification without conducting a Fourth Amendment search or seizure."), *cert denied,* —— U.S. ——, 128 S.Ct. 634, 169 L.Ed.2d 410 (2007). Likewise, the Fourth Amendment was not implicated when Bledsoe ran a check on the identification, because "[p]eople do not have a reasonable expectation of privacy in their driver's license ... once they hand them over to police officers who legitimately asked for them." *Id.* at 1153. The district court properly denied the motion to suppress.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

AFFIRMED.[1]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

---

1. We decline to consider Linares's *pro se* request to file motions for discovery because he is represented by counsel. *Cf. United States v. Crowhurst,* 629 F.2d 1297, 1301 (9th Cir. 1980) (a criminal defendant has the right to self-representation or the right to counsel, but not both).

