UNITED STATES of America,
Plaintiff–Appellee,

v.

Mahmoud SARSAK, aka Mike Sarsak,
Defendant–Appellant.

No. 06–50351.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed June 13, 2008.

Becky S. Walker, Esq., Christopher M. Brunwin, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant–Appellant.

Before: GIBSON,* O'SCANNLAIN, and GRABER, Circuit Judges.

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Mahmoud Sarsak appeals the denial of his new trial motion and his motion to continue his sentencing with new counsel. Sarsak was convicted of one count each of conspiracy to possess pseudoephedrine and attempt to possess pseudoephedrine. The district court denied Sarsak's new trial motion on the ground that it was not timely filed. On the day Sarsak was sentenced, the district court denied his fourth request for new counsel and his sixth motion to continue his sentencing. We conclude that the district court's rulings were not an abuse of discretion, and we affirm.

*New Trial Motion*

We review the denial of a new trial motion for abuse of discretion. *United States v. Mack,* 362 F.3d 597, 600 (9th Cir.2004). The jury returned its verdict on January 4, 2005. On January 10, Sarsak mailed to the district court a pro se motion entitled "Defendant's Motion for 7–Day Re–Trial" and "Defendant's Motion in Arrest of Judgment." The court did not file the motion because Sarsak was represented by counsel, but the district judge considered the motion and mailed it to Sarsak's counsel. In his pro se motion, Sarsak alleged, among other claims, ineffective assistance of counsel relating to a stipulation he signed before trial agreeing to the accuracy of the Arabic to English translations of the recordings and wiretap conversations the government agents conducted.[1] He denied having had a chance to review the translations, which were provided to his counsel at an early stage of the proceedings.

Sarsak's pro se motion prompted his trial counsel to move to withdraw his representation. At a February 9 hearing on the motion, however, Sarsak told the district court that he had respected his trial counsel and wanted him to continue representing him. Based on the conflict, the district court allowed counsel to withdraw and explained to Sarsak that his pro se motion had not been filed because he had been represented by counsel at the time. The judge told Sarsak that he had mailed his motion to his lawyer whose response had been to move to withdraw. The court appointed attorney Morrissey the same day.

Fifteen months later, Morrissey filed a supplement to Sarsak's pro se new trial motion. During that time, Morrissey had sought and received four continuances of Sarsak's sentencing to afford him more time to review the transcripts and translations.

The district court denied the motion as untimely. Under the version of Federal Rule of Criminal Procedure 33(a) then in force, new trial motions were due within seven days after the verdict or within such further time as the court may have allowed, so long as the extension of time was granted within seven days. Sarsak's trial counsel had filed nothing on his behalf. Sarsak's pro se motion would have been timely had it been filed, but the district court correctly refused to file it because Sarsak was then represented by counsel. The district court's action reflects an acknowledgment that Sarsak's right to counsel and right to proceed pro se are disjunctive rights. *United States v. Crowhurst,* 629 F.2d 1297, 1301 (9th Cir.1980).

■ The government had objected twice to the possibility of a belated Rule 33 motion for new trial in its oppositions to

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Some of the conversations were in Arabic and some were in English.

Morrissey's applications to continue sentencing, which referred to his anticipated new trial motion. Although not jurisdictional, Rule 33's time limits are mandatory if the government objects. *Eberhart v. United States*, 546 U.S. 12, 15–20, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam). Because the government did object, the district court did not abuse its discretion by denying the supplemental new trial motion.

### Motions to Continue Sentencing and Obtain New Counsel

We review the district court's denial of a motion for new counsel, *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir.2005), and its denial of a motion for continuance, *United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir.1999) (en banc), for abuse of discretion.

Sarsak's originally scheduled sentencing date was June 6, 2005. It was continued until August 29, November 14, and January 23, 2006, and April 3, May 15, and May 26, 2007. The proceedings began on May 26 with counsel and Sarsak being heard, but the interpreter's available time expired before the district court imposed the sentence. The sentencing concluded on May 31.

During the May 26 sentencing hearing, the court determined that Sarsak had had the opportunity to review the presentence report and probation officer's recommendation in translated form and that he had discussed both with Morrissey. Neither Sarsak nor Morrissey had any objection to either the presentence report or the probation officer's recommendation. Morrissey addressed the court and asked that Sarsak receive a sentence of no more than fifteen years. Through an interpreter, Sarsak objected to the transcripts and claimed his innocence. Finally, the prosecutor addressed those issues and others and recommended a sentence of 420 months. The hearing concluded because the interpreter had to leave.

At the continued hearing five days later, Sarsak told the court that he had received ineffective assistance of counsel. The court inquired which of Sarsak's four attorneys he was alleging was ineffective, and Sarsak identified Morrissey. Morrissey advised the court that Sarsak wanted another continuance of his sentencing. The court then conducted an in camera proceeding during which Sarsak was given the opportunity to explain his claim of ineffectiveness. The court also heard from Morrissey and concluded that there was no irremediable breakdown of communications between Morrissey and Sarsak. The court thus denied Sarsak's motion for substitute counsel. Following the in camera proceeding, the court denied Sarsak's motion to continue his sentencing because it was based on complaints about his lawyer that would more appropriately be addressed on appeal or in a habeas petition.

When reviewing a district court's denial of a motion to substitute counsel, this court examines the adequacy of the district court's inquiry into the defendant's complaint, the extent of the conflict between the defendant and counsel, and the timeliness of the motion. *United States v. Corona–Garcia*, 210 F.3d 973, 976 (9th Cir. 2000). We weigh the timeliness against any delay or inconvenience that would occur if the motion were granted. *Id.* Sarsak made the motion during a sentencing proceeding that had been continued six times, the district court inquired sufficiently to learn Sarsak's reason for making the request, and Sarsak's testimony revealed that the reason was not a breakdown in communication. Therefore, the district court did not abuse its discretion in denying the motion for substitute counsel.

■ Likewise, the district court did not abuse its discretion in denying the motion for continuance. Sarsak offered no reasons for continuing the proceedings other than wanting new counsel. Because his underlying request was justifiably denied, no basis existed for a continuance.

### Conclusion

We AFFIRM the district court's judgment.