**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30122 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00072-BMM-1 |
| v. | |
| DALLAS LAWRENCE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted April 12, 2016[**]
Portland, Oregon

Before: TALLMAN, Circuit Judge, HURWITZ, Circuit Judge, and
BATTAGLIA,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Anthony J. Battaglia, District Judge for the U.S.
District Court for the Southern District of California, sitting by designation.

Dallas Lawrence appeals his jury conviction for two counts of strangulation in violation of 18 U.S.C. §§ 1153(a) and 113(a)(8), two counts of assault with intent to commit murder in violation of 18 U.S.C. §§ 1153(a) and 113(a)(1), one count of assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153(a) and 113(a)(3), and two counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(a)(1). On appeal, Lawrence argues the evidence presented at trial was insufficient to sustain his conviction. We review de novo the denial of a Rule 29 motion for acquittal. *United States v. James*, 810 F.3d 674, 678 (9th Cir. 2016). The evidence presented at trial permitted a rational jury to find Lawrence guilty of the crimes charged beyond a reasonable doubt, and therefore we affirm.

Evidence is sufficient to support a conviction if, viewing all "the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In making this sufficiency determination, a court of appeal "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995).

Lawrence's sufficiency of the evidence argument amounts simply to an attack on the credibility of the victim, who served as the Government's primary witness. The credibility afforded to witness testimony is a jury determination not reviewable on appeal. *United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1999).

Assuming the victim's testimony to be true, as required on appeal, a reasonable jury could have found the elements of the crimes beyond a reasonable doubt. The victim offered specific testimony regarding each instance charged in the superseding indictment. "It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction." *United States* v. *Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (quoting *United States v. Dodge*, 538 F.2d 770, 783 (8th Cir. 1976)). Accordingly, the district court properly denied Lawrence's Rule 29 motions.

To the extent Lawrence challenges the sufficiency of the superseding indictment, that challenge is improper because it was not raised before the district court or supported by argument in Lawrence's opening brief.

Moreover, a tardy challenge to an indictment, such as Lawrence's, "is reviewed for plain error" and "liberally construed in favor of validity." *Echavarria-Olarte v. Reno*, 35 F.3d 395, 397 (9th Cir. 1994) (quoting *United*

3

*States v. Rodriguez-Ramirez*, 777 F.2d 454, 459 (9th Cir. 1985)); *see also United States v. Spangler*, 810 F.3d 702, 711 (9th Cir. 2016). Here, the superseding indictment was sufficient because it contained the month each instance of abuse occurred and sufficiently apprised Lawrence of the charges against him.

**AFFIRMED**.